**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6054**

_____

VINCENT FRAYER, JR.,

       Petitioner - Appellant,

   v.

WARDEN, FCI Beckley,

       Respondent - Appellee.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:20-cv-00499)

_____

Submitted:  March 17, 2023                        Decided:  May 5, 2023

_____

Before AGEE, Circuit Judge, and TRAXLER and FLOYD, Senior Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Vincent Frayer, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Frayer, Jr., seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing his 28 U.S.C. § 2241 petition and amended § 2241 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 7, 2022. Frayer filed the notice of appeal on May 20, 2022.* Because Frayer failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

\* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Frayer could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).